IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNETTA WHEAT, on behalf of himself and all persons similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>J.B. HUNT TRANSPORT, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-05431-SC<br><br>ORDER TRANSFERRING VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA |

**I.   INTRODUCTION**

Now before the Court is a stipulation to transfer venue filed by Defendant J.B. Hunt Transport, Inc. ("JBH") and Plaintiff Darnetta Wheat.  ECF No. 14 ("Stip.").  Because "the court must evaluate the appropriate factors even though the parties now stipulate to the transfer," the Court reviews whether transfer is appropriate.  See Tung Tai Grp. v. Fla. Transformer, Inc., No. 5:11-cv-02389 EJD(HRL), 2011 WL 3471400, at *2 (N.D. Cal. Aug. 8, 2011) (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir.

1999)).  For the reasons set forth below, the Court finds the transfer of venue to the Central District of California is appropriate, and therefore the stipulation is GRANTED AS MODIFIED by this order.

## II.  BACKGROUND

This is a putative employment class action alleging various violations of state and federal law arising out of Defendant JBH's failure to pay wages and to reimburse employees for medical and physical examinations they were required to undergo.  See ECF No. 1-3 ("Compl.") ¶ 1.  JBH is a provider of transportation and logistics services, and it employs a large number of truck drivers.  Id. ¶¶ 5, 16-17.  Plaintiff brings this purported class action on behalf of JBH's drivers.  Plaintiff seeks to represent a class of all JBH drivers nationwide for claims under the federal Fair Labor Standards Act and classes of California drivers for the state law claims.

Plaintiff originally filed this case in Alameda County Superior Court, but Defendant removed it to federal court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. Section 1331, because some of Plaintiff's claims arise out of the federal Fair Labor Standards Act.  The parties now request that the Court transfer venue to the Central District of California.

## III.  LEGAL STANDARD

Under 28 U.S.C. Section 1404(a), the Court may "[f]or the convenience of parties and witnesses, in the interests of justice . . . transfer any civil action to any other

2

district . . . where it might have been brought." The Court must undertake an "'individualized, case-by-case consideration of convenience and fairness,'" and determine whether three elements are satisfied: (1) the propriety of venue in the transferor district, (2) whether the action could have been brought in the transferee district, and (3) whether the transfer will serve the interests of justice and convenience of the parties and witnesses. Tung Tai, 2011 WL 3471400, at *1 (quoting Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)). The Court weighs a series of factors in determining whether the third element is satisfied including plaintiff's choice of forum, the convenience of the parties and witnesses, ease of access to evidence, the familiarity of the potential fora with applicable law, feasibility of consolidation, local interests, and court congestion. Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Royal Queentex Enters. Inc. v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000)).

**IV. DISCUSSION**

First, the Court finds that the first two requirements for transfer are satisfied because venue is proper in this district, and the case could have been brought in the Central District of California. Because the action was originally filed in Alameda County Superior Court, the case was properly removed to this Court. See 28 U.S.C. § 1441(a) (permitting removal "to the district court of the United States for the district and division embracing the place where such action is pending"). Furthermore, the action could have been brought in the Central District of California

1  because the defendant is subject to personal jurisdiction in
2  California, and a substantial part of the events giving rise to
3  Plaintiff's claims took place in the Central District. See 28
4  U.S.C. § 1391(a), (b)(2)-(3); Stip. at 1 (noting that JBH has
5  offices in California and that JBH has employees and managers
6  located in California).
7     In addition, the Court finds that transferring the action to
8  the Central District of California will serve the convenience of
9  the parties and witnesses and promote the interests of justice.
10 The documents relevant to this lawsuit are kept in JBH's offices in
11 South Gate, California (which is located in the Central District).
12 JBH's employees and managers responsible for enforcing JBH's
13 employment policies in California are also located there. Stip. at
14 1. Additionally, even though Plaintiff's initial choice of forum
15 was within the Northern District of California, most of JBH's
16 California drivers are based out of South Gate. Id. Therefore,
17 the plaintiff's choice of forum, convenience of the parties, and
18 ease of access to evidence all suggest that the Central District is
19 a more appropriate venue.
20    Accordingly, the Court finds that because venue is proper in
21 this district, the action could have been brought in the Central
22 District of California, and transferring the action to the Central
23 District will serve the interests of justice and convenience of the
24 parties and witnesses, this case satisfies all three requirements
25 for a transfer of venue.
26 ///
27 ///
28 ///

4

**United States District Court**
For the Northern District of California

## V. CONCLUSION

For the reasons set forth above the Court GRANTS the parties' stipulation and DIRECTS the Clerk to transfer this action to the Central District of California.

IT IS SO ORDERED.

Dated: April 15, 2015

_____
UNITED STATES DISTRICT JUDGE